RECEIVED

JUL 2 6 2011

TONY R. MOORE, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

MILDRED DENNIS

versus                          CIVIL ACTION NO. 09-1094

CADDO PARISH SCHOOL BOARD        JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Caddo Parish School Board ("CPSB"), seeking dismissal of all federal and state law claims alleged by the plaintiff.  Based on the following, CPSB's motion for summary judgment is **GRANTED**.

## I.  BACKGROUND[1]

Mildred Dennis ("Dennis") alleges sexual harassment by two male special education students in violation of Louisiana Revised Statute 23:332.[2]  Dennis has

---

[1] The facts are drawn largely from the defendant's statement of uncontested material facts to which the plaintiff admitted.  See Record Documents 42 and 48.

[2] Dennis also alleges claims of state-created danger and unconstitutional policy, pursuant to 42 U.S.C. § 1983.  See Record Document 1.  In her opposition to the motion for summary judgment, however, Dennis states that she is no longer pursuing her state-created danger claim.  See Record Document 48 at 4 n.1.  She

1

been employed as a full-time special education aide with CPSB since 1997.[3]  In February of 2006, Dennis began working at Huntington High School ("Huntington") as the child specific aide for a male special education student named CJ.[4]  CJ has been diagnosed with emotional disturbance and mental disability-mild as his primary and secondary exceptionalities, respectively.  He also has been diagnosed with attention deficit hyperactivity disorder, oppositional defiant disorder, and mood disorder.  Dennis served as CJ's aide from February of 2006 until January of 2009, when she was transferred upon request.  In February of 2009, Dennis became the child specific aide for another male special education student at Huntington, WV.  WV has been diagnosed with autism, as his primary exceptionality, along with mood disorder and self-injurious behavior.

---

also appears to have dropped her unconstitutional policy claim, as she does not address it in her opposition.  CPSB has met its summary judgment burden as to Dennis's unconstitutional policy claim, and Dennis has failed to produce any evidence to counter CPSB's arguments.  Based on the arguments and evidence before the court, the court finds that CPSB is entitled to summary judgment as to the unconstitutional policy claim.  Thus, Dennis's only remaining claim is her hostile work environment sexual harassment claim pursuant to Louisiana law.

[3] From 1997 to 2001, Dennis worked at Hollywood Middle School as a special education aide for autistic children, ages 15-16 years old.  In 2001, Dennis was transferred to Werner Park Elementary to serve as an aide in a special education classroom.  She was later transferred to Bethune Middle School in 2002, where she worked as a child specific aide to a physically disabled student.

[4] To protect the students, the court will use only their initials.

Dennis alleges sexual harassment by both CJ and WV.  Dennis claims that CJ sexually harassed her on a daily basis for a full semester, from August of 2008 to January of 2009.[5]  According to Dennis, CJ repeatedly groped her buttocks, touched her "breast area" on several occasions,[6] and rubbed her leg.  He cursed her, made inappropriate comments like "Ms. Dennis got a big booty" and she was "his woman," and demanded to walk behind her to view her rear end.  CJ was also violent at times.  He pulled a large rubber band in Dennis's face, threatened to throw an encyclopedia at her, put his hand in her face, and twice sprayed air freshener in her face.  Dennis was still required to see CJ on a daily basis, even after she was removed as his child specific aide, because he and WV shared a sixth period.  She asserts that he continued to sexually harass her during sixth period. Dennis contends WV sexually harassed her by hitting her in the neck, threatening to kill her on a daily basis, cursing her, and kicking and throwing objects at her.  At the time of the alleged harassment, CJ was 19 years old and WV was 16 years old.

Dennis regularly reported the students' misbehavior to school officials.  The school responded with a combination of parent teacher conferences, individualized

---

[5] Dennis does not claim that CJ sexually harassed her prior to the 2008-2009 school year.  See Record Document 48 at 1.

[6] School behavior reports indicate that one time CJ tried to brush something off of Dennis's shirt and another time he tried to adjust her name tag.  See Record Document 42, Behavioral Reports for CJ.

3

education program ("IEP") meetings,[7] reprimands, referrals to the counselor, involvement of the campus security officer, and in-school and out-of-school suspensions.  See Record Document 42, Statement of Uncontested Facts at 4. Dennis also "spoke with the school counselor, the assigned instructional specialist, the pupil appraisal coordinator, and behavior intervention specialists" and the students' parents about the students' behavior problems.  Id.  Additionally, throughout her employment with CPSB, Dennis attended annual in-service training where child behavior issues were addressed, including how to react and handle disruptive behavior, how to calm students, and other intervention strategies.  She was not given formal, specialized training in non-violent restraint or in defusing or de-escalating problem behavior.  She also alleges that the principal prevented her from criminally charging CJ.

Dennis timely filed this suit.  CPSB filed this motion for summary judgment, contending that Dennis has not established any of her federal or state law claims and CPSB is entitled to judgment as a matter of law.  As previously discussed, the

---

[7] As special education students, both CJ and WV were provided an IEP.  The IEP is developed, reviewed, and revised to meet the student's individual needs.  IEP meetings are held periodically, during which the IEP team discusses the student's current IEP, behavioral intervention plan, and intervention strategies and whether modifications are necessary.  Dennis sometimes participated in CJ's IEP meetings.

only remaining claim before the court is the plaintiff's hostile work environment sexual harassment claim under Louisiana law.[8]

## II. ANALYSIS

### A.   Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9]   Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).   "Rule 56[(a)]

---

[8] This circuit's typical rule is to decline supplemental jurisdiction over state law claims where all federal claims are dismissed or eliminated prior to trial.  See Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).  However, "this rule is neither mandatory nor absolute."  Id.  In determining whether to exercise jurisdiction over the plaintiff's remaining state law claim, the court has considered both the statutory provision, 28 U.S.C. § 1367(c), and the factors of judicial economy, convenience, fairness, and comity set forth by the Supreme Court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988). The court has also considered whether the remaining claim involves any "novel or complex" issues of state law.  The court finds that judicial economy and fairness weigh in favor of retaining jurisdiction over Dennis's claim.  This case has been pending in federal court for some time, discovery is closed, and the parties have fully briefed the court on the sexual harassment claim.  In addition, the court finds that Dennis's sexual harassment claim does not involve complex issues of state law.  In fact, Louisiana courts look to Title VII when interpreting hostile environment claims.  See McCoy v. City of Shreveport, 492 F.3d 551, 556 n. 4 (5th Cir. 2007).  Accordingly, the court opts to exercise its jurisdiction over Dennis's state law claim.

[9] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.    Sexual Harassment.**

Dennis alleges sexual harassment in violation of Louisiana Revised Statute 23:332.[10] The Louisiana Employment Discrimination Law provides that it "shall

---

[10] The court assumes arguendo that a cause of action exists under Louisiana Revised Statute 23:332, or Title VII, for a teacher to claim hostile environment sexual harassment based on the alleged harassment by students. The court has not found, and the parties have not submitted, any cases wherein the Supreme Court,

be unlawful discrimination in employment for an employer to . . . intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin."[11]   La. R.S. 23:332(A)(1).   A plaintiff may establish a violation by proving that sex discrimination has created a hostile or abusive working environment.  See Woods v. Delta Beverage Grp., Inc., 274 F.3d 295, 298 (5th Cir. 2001) (citing Meritor Savs. Bank, FSB v. Vinson, 477 U.S. 57, 106 S. Ct. 2399 (1986)).   In this case, Dennis has alleged a claim for hostile environment sexual harassment.  To establish her claim, Dennis must prove:

    (1)    that she belong to a protected group;

    (2)    that she was subject to unwelcome sexual harassment;

    (3)    that the harassment complained of was based upon sex;

---

the Fifth Circuit, or the Louisiana Supreme Court recognized a cause of action under these circumstances.  However, as CPSB notes, several district courts have recognized a cause of action based on harassment by a student.  See, e.g., Mongelli v. Red Clay Consol. Sch. Dist. Bd. of Educ., 491 F.Supp.2d 467, 477 (D. Del. 2007); Peries v. N.Y. City Bd. of Educ., 2001 WL 1328921, *6 (E.D.N.Y. 2001). As CPSB does not argue that Dennis's claim is not cognizable, the court will assume that it is.

[11] As previously noted, Louisiana's anti-discrimination statute is "substantively similar" to Title VII, and Louisiana courts routinely look to the federal jurisprudence for guidance.  See McCoy, 492 F.3d at 556 n. 4.  Therefore, Dennis's claim will be analyzed under the applicable federal precedents.

(4)   that the harassment complained of affected a term, condition or privilege of employment; and

(5)   that the employer knew or should have known of the sexual harassment and failed to take prompt remedial action.[12]

See id. Dennis has failed to raise a genuine dispute of material fact with regard to several elements of her hostile environment sexual harassment against CPSB.

## 1.   Severe Or Pervasive Harassment.

Dennis must demonstrate that her working environment was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment." Alaniz v. Zamora-Quezada, 591 F.3d 761, 771 (5th Cir. 2009) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367 (1993)) (internal quotation marks omitted). The severity of the harassment "should be judged from the perspective of a reasonable person in the plaintiff's position, considering all of the circumstances" and with "an appropriate sensitivity to social context." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81, 118 S.Ct. 998, 1003 (internal quotation marks omitted). Several factors are relevant in the inquiry:  (1) the frequency of the

---

[12] The plaintiff is required to prove this fifth element because she claims sexual harassment by students and not a supervisor. See Watts v. Kroger Co., 170 F.3d 505, 509 (5th Cir. 1999) (holding that where the alleged harassment is by a supervisor, the plaintiff need not prove the fifth element, but in other, non-supervisor situations, the plaintiff must prove all five elements).

discriminatory conduct; (2) the severity; (3) whether the conduct is physically threatening or a mere offensive utterance; (4) whether the conduct unreasonably interferes with an employee's work performance; and (5) the conduct's effect on the employee's psychological well-being. See Harris, 510 U.S. at 23, 114 S. Ct. at 371.

Dennis has failed to demonstrate that a reasonable person in her position would have been detrimentally affected by the harassment of CJ and WV. Dennis is a special education aide with ten years of experience in special education and several years of experience specifically with CJ.[13]   The students are special education students:  CJ has been diagnosed with emotional disturbance, mental disability-mild, attention deficit hyperactivity disorder, oppositional defiant disorder, and mood disorder, and WV has been diagnosed with autism, mood disorder, and self-injurious behavior.  CPSB submitted the affidavit of Glenda Williams ("Williams"), the special education teacher for CJ and WV.  See Record Document 42, Williams Affidavit at 3.   During the 2008-2009 school year, Williams was the teacher responsible for working with the students to fulfill their IEPs.  See id.  Williams testified that she was "intimately familiar with [CJ and

---

[13] Dennis served as CJ's child specific aide from February of 2006 until January of 2009. Although Dennis claims that CPSB should have provided her with formal, specialized training, she has attended annual in-service training throughout her employment with CPSB.

9

WV's] disabilities and behavioral concerns" and that the complained of conduct, consisting of inappropriate touching, crude language, and physical aggression, was "consistent with [the students'] behavioral impairments." Id.  In addition, the school records show, and Dennis admits, that the students have a propensity for verbal and physical aggression. See Record Document 48, Statement of Material Facts and Ex. 3 at 102-103; see, e.g., Record Document 42, CJ's Behavior Intervention Plan dated February 21, 2006, and WV's IEP dated February 13, 2009.  Therefore, the court concludes that the complained of harassment was a manifestation of the students' disabilities.

The students' behavior, while inappropriate and disruptive, was also not severe.[14]  Much of the conduct was verbal harassment.  Of the verbal harassment, the few sexual comments were mild – CJ referring to the size of Dennis's "booty" and calling her "his woman."  The physical contact by CJ was also mild, namely touching her breast area, leg, and buttocks on a couple of occasions.  There is no

---

[14] See Mongelli, 491 F.Supp.2d at 480 (finding that the conduct of a special education student was not sufficiently "severe or pervasive" where the student "humped" the teacher, grabbed her and pulled her close to his body, pretended to have sex in her presence, made crude, sexual comments, cursed her, and otherwise acted inappropriately); Van Horn v. Specialized Support Servs., Inc., 241 F.Supp.2d 994 (S.D. Iowa 2003) (holding that the behavior of a 21 year-old patient with Down Syndrome was not sufficiently "severe or pervasive" where he touched plaintiff's breasts, pinched her inner thigh and nipple, and made sexually suggestive comments).

10

evidence that his touching was physically threatening.  WV was more violent, hitting Dennis in the neck, kicking and throwing objects at her, and threatening to kill her, but his actions were not sexual in nature.

The court recognizes that Dennis had a difficult job, requiring above-average patience and tolerance and does not doubt that Dennis was subjectively offended by CJ and WV's actions.  However, considering the totality of the circumstances including the social context, the court finds that a reasonable person in the plaintiff's position, as an aide to special education students, would not have been detrimentally affected by the conduct.  As the district court in <u>Mongelli</u> recognized, "special education students are prone to disruptive behavior by virtue of their disabilities."  <u>Mongelli</u>, 491 F.Supp.2d at 478.  Viewing the facts in the light most favorable to Dennis, the students' conduct does not rise to the level of "severe or pervasive" sexual harassment.  Accordingly, summary judgment for CPSB is appropriate.

## 2.    Discrimination Based On Sex.

Even assuming Dennis had shown that the students' behavior was sufficiently severe, she has nonetheless failed to demonstrate that the students' conduct was discrimination based on sex.  Louisiana law prohibits "discrimination . . . because of . . . sex." La. R.S. 23:332(A)(1).  The plaintiff "must always prove

that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discriminat[ion]* . . . because of . . . sex.'" <u>Oncale</u>, 523 U.S. at 80, 118 S.Ct. at 1002. "The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." <u>Id.</u> (quoting <u>Harris</u>, 510 U.S. at 25, 114 S.Ct. at 372 (Ginsburg, J., concurring)).

Dennis admits that "CJ had a propensity for inappropriate touching, physically positioning himself in a threatening manner, hitting, kicking, tapping, [and] using profanity." Record Document 48, Statement of Material Facts. The school records show that CJ's inappropriate behavior was not limited to Dennis, and he had a history of touching both male and female students and staff. <u>See</u> Record Document 42, Behavior Intervention Plan dated February 21, 2006 ("[CJ] has had 3 incidents of inappropriate touching of male students/staff (grabbing/patting the buttocks) and 2 incidents of brushing up against a female student. [CJ's] new rule is 'No Touching.' This will be reinforced daily, and [CJ] will be reminded of the rule."). With regard to WV, Dennis states that he "had a history of displaying verbal and physical aggression towards students and adults," including "pushing, hitting, kicking, spitting, and excessive use of profanity."

Record Document 48, Statement of Material Facts.  Dennis admits that "these were the behaviors manifested toward [her] during the time she worked with WV." Id.

Dennis has not shown that CJ or WV targeted her because of her sex. Rather, the evidence demonstrates that the students' conduct was consistent with their behavioral impairments and not exclusive to Dennis.  In addition, the alleged harassment by WV is not sexual in nature.  Thus, summary judgment for CPSB is appropriate.

### 3.    Prompt Remedial Action.

Dennis has further failed to demonstrate that CPSB did not take prompt remedial action with regard to the students' behavior.  To establish liability against CPSB, Dennis must show that CPSB had actual or constructive knowledge of the harassment and failed to take remedial action.  See Woods, 274 F.3d at 298.  It is undisputed that the school knew of CJ and WV's behavioral problems and responded with a combination of parent teacher conferences, IEP meetings, reprimands, referrals to the counselor, involvement of the campus security officer, and in-school and out-of-school suspensions.  See Record Document 42, Statement of Uncontested Facts at 4; Record Document 48, Plaintiff's Reply.  Dennis also acknowledges that she "spoke with the school counselor, the assigned instructional

specialist, the pupil appraisal coordinator, and behavior intervention specialists"
and the students' parents about the students' behavior problems. Id.

Dennis's contention that the school's response was inadequate because it did
not expel the students or allow Dennis to criminally charge them is without merit.
The evidence shows that the school consistently addressed the students'
misbehavior in a reasonable manner using a variety of available tools. The school
was not required to use the harshest sanction.[15]   See Woods, 274 F.3d at 300
(finding that the employer was not legally obligated to fire the sexual harassment
offender or separate him from the plaintiff). As Dennis has failed to raise a
genuine factual dispute on the prompt remedial action element, summary judgment
is appropriate.

## III.  CONCLUSION

CPSB has demonstrated that there is no genuine dispute of material fact and
that it is entitled to judgment as a matter of law. The court finds that Dennis has

---

[15] In fact, CPSB has an obligation, under both federal and Louisiana law, to provide
disabled students with a free appropriate public education, regardless of the nature
or severity of the disability and is restricted in its discipline of disabled students
under the federal Individuals with Disabilities Education Act ("IDEA"). In
addition, during the 2008-2009 school year, CPSB was under a 3-year Corrective
Action Plan, imposed by the Louisiana State Board of Education in the settlement
of a class action lawsuit. The Corrective Action Plan requires CPSB to "move to a
more proactive discipline plan using positive behavior intervention and support
rather than responding with punishment." Record Document 42, Statement of
Uncontested Material Facts at 3.

14

not met her burden with regard to her section 1983 claim for unconstitutional policy. The court further finds that Dennis has failed to raise a genuine factual dispute with regard to her hostile environment sexual harassment claim. Accordingly, CPSB's motion for summary judgment is **GRANTED**. All claims by Dennis against CPSB are **DISMISSED WITH PREJUDICE**.

A judgment consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 26th day of July, 2011.

_____
JUDGE TOM STAGG

15